IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ALLANDRAUS CARSON                                                          PLAINTIFF

V.                                          NO.  3:09cv00084 JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                    DEFENDANT

ORDER

Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412 (doc. 16).  He seeks an EAJA award for

work done by his attorneys at the district court level (8.15 hours in 2009-10 at an hourly

rate of $175.00), and work done by paralegal assistants (5.95 hours at an hourly rate of

$75.00), plus expenses in the amount of $16.62, for a total award of $1,889.12.

Under the EAJA, a prevailing social security claimant is entitled to an award of

reasonable attorney's fees and expenses unless the Commissioner's position in denying

benefits was "substantially justified" or special circumstances make an award unjust.  28

U.S.C. § 2412(d)(1)(A).  A claimant who wins a sentence-four remand order, such as

Plaintiff did in this case (docs. 14, 15), is a prevailing party entitled to EAJA fees.  *Shalala*

*v. Schaefer*, 509 U.S. 292, 302 (1993).

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00

per hour unless the court determines that an increase in the cost of living or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved,

justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  The increased rates requested by

Plaintiff reflect an agreement between his counsel and the Office of General Counsel,

Region VI, Social Security Administration, to calculate attorney's fees on an annualized basis using the mid-year Consumer Price Index for all Urban Consumers (CPI-U) (doc. 17-1, at 1-2).  Plaintiff submits the applicable CPI-U figures to support the increased rates (doc. 17-1, at 10).

Additionally, a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the government at prevailing market rates.  *Richlin Security Service v. Chertoff*, 553 U.S. 571, 590 (2008).  Plaintiff submits affidavits to establish $75.00 an hour as the prevailing market rate for paralegal work (doc. 17-1, at 8-9).

The Commissioner does not object to the number of attorney or paralegal hours requested or to the amount of expenses (doc. 18), and counsel's itemization (doc. 17-1, at 11-14) demonstrates that they were reasonably expended in representation of Plaintiff.  Therefore, the Court will approve the requested fees for attorney work and paralegal work, and the requested expenses, for a total award of $1,889.12.

Plaintiff's motion states that he assigned his rights to any EAJA award to his attorney pursuant to a "Social Security Contract" signed on August 20, 2010 (doc. 16-1), and thus asks that any award of attorney's fees be made payable to, and mailed directly to, his counsel.  However, in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the Supreme Court held that any EAJA award should be made payable to the litigant – not his attorney – and further held that the award is subject to offset for any debt owed to the government by the litigant.

At the Court's request (doc. 19), the Commissioner filed a supplemental response (doc. 21) addressing Plaintiff's request.  The Commissioner contests the validity of Plaintiff's assignment of EAJA fees to his counsel as not satisfying the technical

requirements of the Anti-Assignment Act, 31 U.S.C. § 3727.[1]   Nonetheless, the

Commissioner states that he has adopted a procedure that generally will ensure that a

prevailing plaintiff's attorney will receive court-ordered EAJA fees, although such fees may

be reduced by any debt the plaintiff might owe.   The procedure proposed by the

Commissioner is as follows:

> (1)   The Commissioner certifies the order to the Department of Treasury for payment.
>
> (2)   Subject to any offset for debts owed to the federal government, the Department of Treasury issues payment by check to the order of the plaintiff, in care of his attorney, and mails the check to the plaintiff's attorney.
>
> (3)   As expressly provided in the contract between Plaintiff and his attorney here, the attorney is authorized to "endorse all checks made out to [the plaintiff] from the U.S. Government regarding any settlement fees and costs pursuant to the ... EAJA" (doc. 16-1).

The Commissioner states that the Treasury Department has advised that Plaintiff *does* owe

a debt to the government in an unspecified amount and it is anticipated that an

administrative offset would be pursued.[2]   The Commissioner further states that, if Plaintiff

desires to challenge any such offset, he would have to pursue a separate proceeding

against the agency claiming that he owes a debt.   *See Lepelletier v. United States Dept.*

*of Education*, Civil Case No. 09-1119, 2009 WL 4840153, *1 (D.D.C. Dec. 14, 2009).

---

[1]The Act governs, among other things, a "transfer or assignment of any part of a claim against the United States Government," *id.* § 3727(a)(1), and provides that an assignment may be made only (1) after a claim is allowed and the amount is decided, (2) after a warrant for payment has been issued, and (3) if the assignment specifies the warrant, is made freely, is attested to by two witnesses, and is acknowledged before and certified by an official who may acknowledge a deed, *id.* § 3727(b).

[2]The Commissioner indicates that, if no debt were owed, he would waive strict compliance with the Anti-Assignment Act and honor the agreement between the plaintiff and his attorney by paying the award directly to the attorney, a situation that has occurred in other EAJA fee cases.   *See Johnson v. Astrue*, No. 3:08cv00187-JTR, 2011 WL 1298035, *2 (E.D. Ark. Apr. 4, 2011).

Although given the opportunity to do so, Plaintiff's counsel does not dispute the Commissioner's contentions that his contract with Plaintiff is not valid or that Plaintiff owes the federal government a debt, nor does he object to following the procedure proposed by the Commissioner.   Accordingly, the Court will grant Plaintiff's motion and award him attorney's fees pursuant to the EAJA, to be disbursed in accordance with the Commissioner's proposed procedure.

Accordingly,

(1)     Plaintiff's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (doc. 16) is **granted**; and

(2)     Plaintiff is awarded attorney's fees and expenses in the amount of $1,889.12 pursuant to the EAJA, to be disbursed in accordance with the Commissioner's proposed procedure.

IT IS SO ORDERED this 5th day of May, 2011.


_____
UNITED STATES MAGISTRATE JUDGE